LUIS HERNÁNDEZ-BETANCOURT, Appellant, *v.* REGISTRAR OF SAN JUAN, Respondent.

No. 661. Submitted November 23, 1926.—Decided December 7, 1926.

*Rodolfo Ramírez Pabón* for the appellant. The registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The District Court of San Juan rendered judgment awarding to the appellant the dominion title to a property composed of three parcels of land. It was presented in the registry of property for record, but the registrar refused to record the title to one parcel of 21.90 acres because the appellant had not alleged that he was the only heir of Luciano Hernández and Carolina Betancourt, and there was no mention of the other heirs of those persons from whom said property was inherited, in order to comply with the requirements of service of the summons.

In the judgment approving the proceeding it is stated that the court "ordered service of the summons by publication on the former owners and their successors, heirs and assigns, because their existence and residences were unknown."

The registrar contends that the summons so served does not comply with the law or with the jurisprudence applicable thereto, and reference is made, among other cases, to *León* v. *Registrar*, 27 P.R.R. 346, and *Cancel* v. *Registrar*, 28 P.R.R. 862.

Nevertheless, it is clearly stated in the judgment that the successors, heirs and assigns of the former owners were summoned by publication because their existence and residences were unknown. The question is whether a sum-

mons served in such a general way is sufficient. In our judgment it is. It is stated in the judgment that the appellant inherited the parcel of land from his parents after they had died. If it does not appear that the appellant was the only heir and that possibly there were other heirs, the mention in the summons of the successors, heirs and assigns of former owners would have legal effect as to such other heirs. In the case of *Cancel* v. *Registrar, supra,* although it is almost identical with the present case in its particulars, there is this difference that the other heirs and assigns of the appellant's father from whom he received the property had not been summoned at all and the record was denied. In the present case the service of the summons was made by publication and, as stated in the judgment of the court below, all of the heirs and assigns of the former owners had been summoned.

The decision appealed from must be reversed and the record ordered.

Mr. Justice Hutchison took no part in the decision of this case.